Catelyn Stark
Senior Attorney
Phone: 973.898.6502   Fax: 973.898.6506
CStark@beckerlawyers.com



45 Broadway
17th Floor
New York, NY 10006

**VIA ECF AND EMAIL**
Hon. Loretta A. Preska
Senior United States District Judge
Southern District of New York
500 Pearl Street, Room 12A
New York, NY 10007
PreskaNYSDChambers@nysd.uscourts.gov

>    Re:    **James Werner v. 3forge LLC**
>           **Case No. 1:24-cv-04654-LAP**

Dear Judge Preska:

This firm represents defendant 3forge LLC ("3forge") in the captioned matter. We write to respectfully request that the complaint and responsive motion to dismiss (along with its supporting documents) be sealed as these filings contain (i) false allegations against a non-party that serve only to disparage the non-party; and (ii) confidential, non-party financial information.

### RELEVANT PROCEDURAL HISTORY

On June 11, 2024, 3forge filed an arbitration demand against plaintiff James Wener ("Werner") for violation of the terms of his Employment Agreement pursuant to the arbitration clause contained within the Employment Agreement. Seven days later, on June 18, 2024, Werner filed the Complaint in this matter.

On August 19, 2024, 3forge filed a motion to dismiss the Complaint.

On or about August 27, 2024, 3forge issued a Rule 11 letter to Werner demanding withdrawal of the complaint within the safe harbor provision of Fed. R. Civ. P. 11(b)(2). On September 12, 2024, the parties filed a Stipulation of Dismissal Without Prejudice dismissing the Complaint. Thereafter, the parties proceeded to arbitration and prior to hearing, resolved the claims asserted therein by way of

Hon. Preska, Sr. U.S.D.J.
February 12, 2026
Page 2 of 4

settlement on or about December 23, 2025. As part of the settlement, Werner executed the enclosed Declaration in Support of the Motion to Seal.[1]

## **LEGAL ARGUMENT**

There is a general presumption that the public has a right to access certain records, including those defined as "judicial documents." See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) ("In addition to the common law right of access, it is well established that the public and press have a qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.") However, the right to access is not absolute and can be overcome upon a showing that "the requested sealing is narrowly tailored to preserve higher values." Id. at 119-20.

Those "higher values" include public interests as well as the privacy interest of third parties. U.S. v. Hubbard, 650 F.2d 293, 316 (D.C. Cir. 1980) (collecting cases) (see also E.E.OC. v. Kelley Drye & Warren, LLP, 2012 WL 691545 (S.D.N.Y. March 2, 2012) ("Higher values that may justify the sealing of documents include national security concerns, attorney-client privilege, law enforcement interest, or the privacy interest of third-parties.").

Thus, the Court must balance the public right to access with the countervailing harm alleged by the moving party. Here, the Complaint, and by extension the Motion to Dismiss, contain several allegations that unnecessarily intrude upon the privacy interest of innocent third parties. Specifically, there are numerous allegations

---

[1] A copy of Mr. Werner's Certification is annexed hereto as **Exhibit 1**.

30631695.v1

Hon. Preska, Sr. U.S.D.J.
February 12, 2026
Page 3 of 4

The allegations, which are unsubstantiated, clearly infringe upon the privacy interests of Mr. Cooke, who was not named as a defendant in the suit and is an innocent third party. Courts have held that "the privacy interest of innocent third parties as well as those of defendants that may be harmed by disclosure of the Title III material should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted." Matter of New York Times Co., 838 F.2d 1110, 1116 (2d Cir. 1987); see also Application of Newsday, Inc., 895 F.2d 74 (2d Cir. 1990); In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation, 2023 WL 196134 (S.D.N.Y. Jan. 17, 2023). To engage in this balancing test, "a court should consider both the degree to which the subject matter is traditionally considered private rather than public, as well as the nature and degree of the injury to which the party resisting disclosure would be subjected were the privacy interest not protected." Barbera v. Grailed, LLC, 2025 WL 1126120 (S.D.N.Y. April 16, 2025) (quoting Mirlis v. Greer, 952 F.3d 51, 61 (2d Cir. 2020)). This inquiry must include "consideration not only of the sensitivity of the information and the subject but also of how the person seeking access intends to use the information." Mirlis, supra, 953 F.3d at 61 (citing U.S. v. Amodeo, 71 F.3d 1044 (1995)). Courts are especially vigilant against "purely prurient interest in the display or disclosure of otherwise embarrassing private or familial information obtained through the Courts." Mirlis, supra 952 F.3d at 62, (citing Nixon v. Warner Comms., Inc., 435 U.S. 589, 601 (1978)).

The allegations regarding ███████████████████████████ serve no litigation purpose. Rather, these salacious allegations - - in a complaint that was withdrawn pre-answer within the Rule 11 safe harbor -- only serve to embarrass or discredit Mr. Cooke. The Supreme Court has held that "the common law right of inspection" must not be "used to gratify private spite or promote public scandal." Mirlis, supra, 953 F.3d at 56 (citing In re Caswell's Request, 18 R.I. 835, 29 A. 529 (1893)). This clear violation of Mr. Cooke's personal privacy outweighs any marginal benefit in permitting the public to access these documents. In addition, the allegations ███████████████████████████████ ██████████████████████ should be excluded from the public record. Courts have been particularly protective regarding allegations surrounding familial and marital relationships. See e.g. Nixon, supra. Finally, the Complaint also touches upon ████ ████████████████████████████████████████████ ████████████████

30631695.v1

Hon. Preska, Sr. U.S.D.J.
February 12, 2026
Page 4 of 4

██████████████. The Court's own Privacy and Public Access Policy cautions against filing documents that contain an individual's financial information.[2]

The Complaint in question was filed after 3forge had filed an arbitration demand and was withdrawn within the <u>Rule</u> 11 safe harbor. This case was settled and Werner, the plaintiff in this dismissed action, has explicitly consented to the sealing of the entire docket.

Accordingly, it is respectfully requested that the docket be sealed from the public or, at a minimum, that the Complaint and the Motion to Dismiss (and supporting documents) be sealed.

We thank the Court for its consideration of this request.

Respectfully submitted,

Catelyn Stark
_____
Catelyn Stark

cc: Michelle Caiola, Esq. (via e-mail)

---

[2] https://www.nysd.uscourts.gov/sites/default/files/pdf/egovtact042005.pdf

30631695.v1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JAMES WERNER, | : Index No.: 1:24-cv-04645 |
| Plaintiff, | : **DECLARATION OF JAMES WERNER IN** |
| v. | : **SUPPORT OF MOTION TO SEAL** |
| 3Forge, LLC, | : |
| Defendant. | : |

I, James Werner, pursuant to 28 U.S.C. § 1746, make this Declaration in support of the motion by 3Forge, LLC ("3Forge") to seal the docket in this matter.

1.      I am the Plaintiff in this matter and as such, I am personally familiar with the facts and circumstances set forth below.

2.      This Declaration is submitted in support of 3Forge's motion to seal all documents filed on the docket in this matter.

3.      On June 18, 2024, I filed the instant complaint in this matter.

4.      On September 12, 2024, this matter was dismissed without prejudice as the parties proceeded in arbitration.

5.      The arbitration has now been adjudicated amicably between the parties and dismissed with prejudice. As such, the documents filed under Index No. 1:24-cv-4645 are highly prejudicial to 3forge and invade upon the privacy of innocent third parties.

14

30384426.v1

6.     As such, I request that all documents filed under Index No. 1:24-cv-4645 hereby be

sealed and removed from the public record.


Dated:                                                          *JamesWerner*
                                                        JamesWerner (Dec 19, 2025 17:56:14 EST)
                                                                James Werner


15

30384426.v1